Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 818-619-3774
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPEEDY CASH, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. 5:25-cv-01785<br><br>**CLASS ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1.   RECORDING OF CONFIDENTIAL INFORMATION [CAL. PENAL CODE § 632.7].<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TERRANCE WILSON ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action, individually and on behalf of all others similarly situated, in connection with Defendant's practice of recording calls to consumers without having first notified said consumers or obtaining their consent to have the call recorded, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

2.     The CIPA, Cal. Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION & VENUE

3.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware corporation. Plaintiff seeks $5,000 in damages for each recorded conversation in violation of the CIPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.     Venue is proper in the United States District Court for the Central

District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Riverside.

## PARTIES

5.    Plaintiff, TERRANCE WILSON ("Plaintiff"), is a natural person residing in Perris, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.    Defendant, SPEEDY CASH ("Defendant") is a consumer lending company that offers payday loans, installment loans, and other financial services to individuals throughout California and nationwide, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.    On or about April 8, 2025, Plaintiff placed an inbound telephone call from his personal cellular phone to Speedy Cash at its Riverside, California location, using the number (951) 354-2274, in connection with a consumer inquiry.

The call was answered by a Speedy Cash representative who identified himself as "Julian."

10.     At no time during the beginning of the call did Defendant, or its agent, inform Plaintiff that the call was being recorded.

11.     Only after Plaintiff affirmatively asked whether the call was being recorded did the representative place Plaintiff on hold and then return to the line and confirm that the call was, in fact, being recorded.

12.     By that time, the call had already been recorded in part, without Plaintiff's knowledge or consent.

13.     At no point did Plaintiff consent to the recording of the call, nor was he provided any prior warning or advisement that the call would be monitored or recorded.

14.     Plaintiff placed the call from his cellular phone while physically located in California. During the call, Plaintiff maintained a reasonable expectation of privacy and had no reason to believe that the call would be recorded by Defendant or its agents.

15.     Defendant's conduct is part of a uniform policy and practice that affects numerous California consumers similarly situated to Plaintiff, each of whom reasonably expected their telephone communications with Defendant to remain private unless told otherwise.

16.     During each conversation between Plaintiff and Defendant, Plaintiff maintained a reasonable expectation of privacy. That is, Plaintiff had a reasonable expectation during his phone conversations with Defendant that the conversations would neither be recorded nor overheard.

17.     Defendant intentionally recorded its telephone communications with Plaintiff without first obtaining his consent or notifying him that the call was being recorded, thereby violating California Penal Code § 632.7.

18.     Upon information and belief, Defendant engages in a uniform policy

and practice of recording inbound and outbound telephone conversations with California consumers without providing notice or obtaining consent at the outset of the calls.

## CLASS ALLEGATIONS

19.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of following proposed class:

20.    The class concerning Defendant's recordings of phone calls in violation of Cal. Penal Code § 632.7 ("The CIPA Class") is defined as follows:

> All persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendant or its agent(s) within the one year prior to the filing of this action.

21.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22.    The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.   Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

23.    Plaintiff and members of the CIPA Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded inbound and outbound cellular telephone conversations without their consent and without giving them prior notice of the recording within the one year prior to the filing of this action, thereby running afoul of Class

members' reasonable expectations of privacy and causing them damage.

24.    Common questions of fact and law exist as to all members of The CIPA Class which predominate over any questions affecting only individual members of The CIPA Class.  These common legal and factual questions, which do not vary between CIPA Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether Defendant has a policy of recording incoming or outgoing calls;

b.    Whether Defendant has a policy of recording incoming or outgoing calls initiated to or from a cellular telephone;

c.    Whether Defendant discloses to callers or obtains their consent that their incoming or outgoing telephone conversations were being recorded;

d.    Whether Defendant's policy of recording incoming or outgoing calls to cellular telephones constitutes a violation of the CIPA, Cal. Penal Code § 632.7;

e.    Whether Plaintiff and The CIPA Class were damaged thereby, and the extent of damages for such violations; and

f.    Whether Defendant should be enjoined from engaging in such conduct in the future.

25.    As a California resident whose telephone communications from Defendant were recorded without consent or notice, Plaintiff is asserting claims that are typical of The CIPA Class because every other member of The CIPA Class, like Plaintiff, was a person in California who was exposed to practically identical conduct, and they are entitled to the greater of either $5,000 in statutory damages or three times the amount of actual damages for each violation.

26.    Plaintiff will fairly and adequately protect the interests of the members

of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

27.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class's member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Violation of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

### On Behalf of The CIPA Class

30.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31.    Californians have a constitutional right to privacy.  Moreover, the

California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

32. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

33. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

34. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

35. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

36. Said recording equipment was used to record the telephone

conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

37.    Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

38.    Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

a.  For statutory damages of $5,000 per violation of Cal. Penal Code § 632.7 for Plaintiff and each member of The CIPA Class pursuant to Cal. Penal Code § 637.2(a).

b.  Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

c.  That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The CIPA Class, without their prior consent, as required by Cal. Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and The CIPA Class.

d.  For general damages according to proof.

e.  For costs of suit.

f.  For prejudgment interest at the legal rate.

g.  For attorney's fees and costs pursuant to Cal. Code of Civ. Pro. §
    1021.5.

h.  For such further relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

39.    Pursuant to the Seventh Amendment to the Constitution of the United
States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully Submitted this 15th Day of July, 2025.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff

---

CLASS ACTION COMPLAINT